UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID BEGALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00292-JRS-TAB |
| | ) | |
| ENDOLOGIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DISCOVERY DISPUTE**

Parties appeared by counsel on August 20, 2021, for a telephonic status conference to address several discovery disputes. In preparation for this conference, the parties submitted to the magistrate judge separate statements regarding these disputes. The Court also allowed the parties an opportunity to present oral argument, and then made the rulings set forth below.

The first dispute is whether discovery should be limited to documents and information related to whether Plaintiff's product liability claims are preempted. The Court declined to limit discovery in this fashion. Preemption is an affirmative defense, and to limit discovery as Defendant has requested would, in essence, result in bifurcation of discovery. Broad discovery is the norm and comports with the scope of Fed. R. Civ. P. 26(b). No compelling circumstances justify limiting discovery as Defendant seeks to do.

The second dispute is whether discovery should be limited to documents and information regarding the AFX device made with Strata material, since this was the device implanted in Plaintiff that allegedly caused his injuries. Again, the Court declined to limit discovery in this way, at least as it relates to the Powerlink device. The AFX device was not approved on a

separate Premarket Approval Application from the Powerlink device. Rather, the AFX device was approved as a supplement to the Powerlink PMA.  This supplemental PMA relied on and incorporated by reference testing done on the Powerlink device.  As a result, information concerning the Powerlink device is relevant to the AFX device for discovery purposes.  If the devices are similar enough that the AFX device did not need a separate PMA application, the discovery under the circumstances of this case is relevant.  Moreover, Plaintiff clarified that Plaintiff is not seeking the entire design history files for the Powerlink device.

The third dispute, which permeates all the discovery disputes before the Court, is whether the discovery sought is proportional to the needs of the case.  The Court held that, overall, it is proportional.  Rule 26(b) instructs that proportionality is determined by examining the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The Court addressed these factors with counsel during the August 20 status conference.  Specifically, the Court noted that Plaintiff has incurred nearly $400,000 in medical expenses (about $86,000 of which were paid) allegedly due to Defendant's device.  Plaintiff alleges that he experienced life-threatening injuries requiring surgery, intensive specialized care, and hospitalization for approximately two weeks.  Accordingly, the amount in controversy here is significant.  Moreover, Defendant is a company of substantial financial means, whereas Plaintiff is an individual.  The discovery sought is directly relevant to the claims being pursued. Plaintiff cannot obtain this information elsewhere.

At the same time, the Court acknowledges that Defendant already has produced a significant amount of discovery.  While it does not appear as though the burden or expense of the

additional discovery related to the AFX device or the Powerlink device outweighs the likely benefit of providing Plaintiff with this information, the same cannot be said to the extent Plaintiff is still seeking discovery of information and documents regarding the AFX with Duraply and AFX2 devices.  As to this discovery, the Court sustained Defendant's objections.  Similarly, the Court sustained Defendant's objections to Plaintiff's discovery targeting documents and information regarding the Ventana device.  Even broad discovery has reasonable limits.  The Ventana device is a separate device from the AFX device with Strata.  Any issues with the Ventana did not involve Type III endoleaks that are at issue in this litigation.  Although both devices involved the Strata material, Defendant already has produced the results of testing of the Strata material, so this additional discovery need not be produced.

    Finally, the Court did not expressly set a deadline for this production, but expects Defendant to make production as soon as reasonably possible.  If Plaintiff believes production is being unnecessarily delayed, Plaintiff may request a follow-up conference with the magistrate judge.  The Court does not anticipate this will be necessary.

Date: 8/24/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email